IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN ESPINOZA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K.R. CHAPPELL,<br><br>　　　　Defendant. | No. C 13-1141 RMW (PR)<br><br>ORDER DISMISSING CASE<br>WITH LEAVE TO AMEND |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged deprivation was committed by a person acting under the color of state law. West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      Plaintiff claims that when he arrived at San Quentin State Prison ("SQSP"), his personal
8  property was taken and sent home. However, plaintiff claims that when the package arrived at
9  his house, it was discovered that there was $ 2415 worth of personal property missing. Plaintiff
10 further alleges that there are several health violations at SQSP, including the infrequency of
11 laundry service, lack of cleaning supplies, the presence of rats in and around food services,
12 roaches found in the food, and lead paint within the institution.

13     Regarding plaintiff's missing property, ordinarily, due process of law requires notice and
14 an opportunity for some kind of hearing prior to the deprivation of a significant property interest.
15 See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). However, neither the
16 negligent nor intentional deprivation of property states a due process claim under Section 1983 if
17 the deprivation was random and unauthorized, however. See Parratt v. Taylor, 451 U.S. 527,
18 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other
19 grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517,
20 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state
21 post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient
22 procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot
23 foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for
24 post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due
25 process). California law provides such an adequate post-deprivation remedy. See Barnett v.
26 Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Thus,
27 plaintiff's property claim is DISMISSED with prejudice.
28     The remainder of the complaint has deficiencies that require an amended complaint to be

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.13\Espinoza141dwla.wpd    2

filed. First, the complaint does not comply with the requirement that the averments be "simple, concise, and direct." For example, one of plaintiff's claims potentially states an Eighth Amendment claim regarding adequate food, if he can sufficiently plead his allegations. The Eighth Amendment requires that prisoners receive food that is adequate to maintain health. See Graves v. Arpaio, 623 F.3d 1043, 1050 (9th Cir. 2010) (per curiam) (Eighth Amendment requires that pretrial detainees be given food that meets or exceeds the Department of Agriculture's *Dietary Guidelines*). Nutritionally complete food served to inmates is deficient under constitutional standards, however, if it is prepared under conditions so unsanitary as to make it unwholesome and a threat to inmates who consume it. See Toussaint v. McCarthy, 597 F. Supp. 1388, 1412 (N.D. Cal. 1984). Here, plaintiff has not provided the court with the sufficient information necessary to determine whether an Eighth Amendment claim for relief has been stated against any defendant. "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56, (2007) (citations omitted). A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

 Further, plaintiff names Warden Chappell as the sole defendant in this action. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim — and, more specifically, on the state of mind required by the particular claim — not on a generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, .699 F.3d 1053, 1071 (9th Cir. 2012). Plaintiff has not sufficiently pleaded these factors.

1  In addition, plaintiff has not linked any individual defendants with his separate claims.
2 Plaintiff must specifically identify what each named defendant did or did not do in order to state
3 a claim with regard to each separate claim.  Plaintiff will be granted leave to amend to allege
4 specifics.  In his amended complaint, he must establish legal liability of each person for the
5 claimed violation of his rights.  Liability may be imposed on an individual defendant under
6 section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a
7 federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City
8 of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional
9 right within the meaning of section 1983 if he does an affirmative act, participates in another's
10 affirmative act or omits to perform an act which he is legally required to do, that causes the
11 deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633; see, e.g., Robins v.
12 Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent
13 Eighth Amendment violation may be basis for liability).  Sweeping conclusory allegations will
14 not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's"
15 deprivation of protected rights.  Leer, 844 F.2d at 634.
16  In sum, plaintiff's allegations fail to specifically state what happened, when it happened,
17 what each defendant did, and how those actions or inactions rise to the level of a federal
18 constitutional violation.  Without this basic information, the plaintiff's case must be dismissed.
19 The complaint need not be long.  In fact, a brief and clear statement with regard to each claim
20 listing each defendant's actions regarding that claim is preferable.  Accordingly, the complaint is
21 DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be provided with thirty days in which
22 to amend to correct the deficiencies in his complaint if he can do so in good faith.

### CONCLUSION

24  For the foregoing reasons, the court hereby orders as follows:
25  1. Plaintiff's complaint is DISMISSED with leave to amend.
26  2. If plaintiff can cure the pleading deficiencies described above, he shall file an
27 AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended
28 complaint must include the caption and civil case number used in this order (C 13-1141 RMW

1  (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must
2  indicate which specific, named defendant(s) was involved in each cause of action, what each
3  defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
4  Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an
5  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
6  demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an**
7  **amended complaint within thirty days and in accordance with this order will result in a**
8  **finding that further leave to amend would be futile and this action will be dismissed.**
9        3.    Plaintiff is advised that an amended complaint supersedes the original complaint.
10 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
11 in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
12 Defendants not named in an amended complaint are no longer defendants. See Ferdik v.
13 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).
14       4.    It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
15 court informed of any change of address by filing a separate paper with the clerk headed "Notice
16 of Change of Address," and must comply with the court's orders in a timely fashion. Failure to
17 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
18 of Civil Procedure 41(b).
19       IT IS SO ORDERED.
20 DATED: _____

   *Ronald M. Whyte*
   RONALD M. WHYTE
21 United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.13\Espinoza141dwla.wpd      5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHAUN ESPINOZA,

        Plaintiff,

  v.

K R CHAPPELL et al,

        Defendant.

                                                                Case Number: CV13-01141 RMW

                                                              **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 13, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shaun Espinoza AM-8219
1 Main Street
SQSP
San Quentin, CA 94974

Dated: June 13, 2013

                                                  Richard W. Wieking, Clerk
                                                By: Jackie Lynn Garcia, Deputy Clerk